FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
☆     APR 2   2005     ☆

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

P.M. _____
TIME A.M. _____

ANDRES AGUIAR,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

--------------------------------------------------------------X

01 CV 4117 (SJ)

**MEMORANDUM
AND ORDER**

A P P E A R A N C E S :

Andres Aguiar
# 37249-053
U.S.P. Beaumont
P.O. Box 26030
Beaumont, TX 77230-6030
Petitioner *Pro Se*

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:    Michael H. Warren
Attorney for Respondent

JOHNSON, Senior District Judge:

       Presently before this Court is Andres Aguiar's ("Petitioner") Rule 59(e)

Motion for Reconsideration to Alter or Amend this Court's Judgment dated February

22, 2005 ("the Judgment"), denying Petitioner's § 2255 motion to vacate his

judgment of conviction as procedurally barred.  Petitioner argues that the Judgment

1

P-049

Dockets.Justia.com

"is based on an error concerning the date on which the motion was filed" and that

"[P]etitioner['].s claims of [i]neffective [a]ssistance of counsel are adequate to

deserve further proceedings and be reviewed by the court." (Mot. at 1-2.) For the

reasons explained below, Petitioner's Motion for Reconsideration is GRANTED.

This Court's consideration of Petitioner's claim of ineffective assistance of counsel is

STAYED, pending the submission of an affidavit by Petitioner's trial counsel.

### DISCUSSION

### Timeliness of Petitioner's § 2255 Motion

Petitioner's initial § 2255 motion was signed on June 1, 2001 and received in

this Court on June 14, 2001. Therefore, considering that the delivery of mail takes at

least a couple of days, Petitioner's motion obviously was forwarded to the prison

authorities before the expiration of the limitations period on June 12, 2001. Thus,

Petitioner is correct that his § 2255 motion is timely under the mailbox rule

applicable to filings by prisoners. See Houston v. Lack, 487 U.S. 266, 276 (1988)

(concluding that *pro se* "notice of appeal was filed at the time petitioner delivered it

to the prison authorities for forwarding to the court clerk"); Fernandez v. Artuz, 402

F.3d 111 (2d Cir. 2005) (holding that mailbox rule applies to toll habeas statute of

limitations period based on delivery of petition to prison authorities for mailing).

### CONCLUSION

Petitioner's Rule 59(e) Motion for Reconsideration is GRANTED due to the

2

timeliness of Petitioner's initial § 2255 motion. The Clerk of Court is directed to

reopen the above-captioned matter.

SO ORDERED.
Dated: April 27, 2005
      Brooklyn, NY

                                s/SJ
                                  Senior U.S.D.J.

3