FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 08 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ANDRES AGUIAR,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

-------------------------------------------------X

01 CV 4117 (SJ)

MEMORANDUM
AND ORDER

A P P E A R A N C E S

ANDRES AGUIAR
# 37249-053
MDC - Brooklyn
P.O. Box 329002
Brooklyn, NY 11232
Petitioner, pro se

LORETTA E. LYNCH, ESQ.
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Michael Warren, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

      On November 22, 1991 Petitioner Andres Aguiar ("Petitioner" or "Aguiar") was convicted after a jury trial of violating 21 U.S.C. §§ 841(a), 952, 960, and 963 (conspiracy to import heroin, importing heroin, and possessing heroin with intent to distribute) and of violating 18 U.S.C. § 1512(b) (witness tampering) and was consequently sentenced to three concurrent terms of life imprisonment and a concurrent ten year sentence for the witness tampering. His

conviction was affirmed on appeal. See United States v. Aguiar, 975 F.2d 45 (2d Cir. 1992). Since that time, Aguiar has submitted numerous filings to the Court, many of which were repetitive and/or frivolous. Presently before the Court is an additional list of motions (Docket Entry ("DE") 124, 127, 135, 145, and 147). Accordingly, and for the reasons more fully detailed below, Petitioner's five outstanding motions are DENIED. Additionally, Petitioner is warned that the filing of further frivolous and/or repetitive motions may result in sanctions.

## BACKGROUND

Familiarity with the extensive facts related to Petitioner's underlying criminal conviction and sentence, as well as with the Court's related Orders, is assumed. See[1] Aguiar v United States, No. 91-CR-779, 1998 WL 422855 (E.D.N.Y July 24, 1998), aff'd United States v. Aguiar No. 98-1475 (2d Cir. 1999), Aguiar v United States, No. 99-9472 (2000) (denying Petitioner's motion for new trial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure); Aguiar v United States, No. 01-CV-4117, 2005 WL 525528 (E.D.N.Y. Feb. 22, 2005) (denying Petitioner's habeas petition, pursuant to 28 U.S.C. § 2255, wherein he challenged the validity of his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000) and alleged four grounds for ineffective assistance of counsel) (the "Feb. 22, 2005 Order")[2]; Aguiar v United States, 2005 WL 5622487 (E.D.N.Y. April 29, 2005) (granting

---

[1] The following citations to the opinions issued in this matter are in chronological order, so as to be better draw a picture of events.

[2] Specifically, Aguiar argued, in his initial habeas petition that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), which holds that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," on the ground that in his case the weight of the drugs he was charged—a fact which increased his penalty— with was not submitted to the jury. Apprendi, 530 U.S. at 525. Aguiar also claimed that his trial counsel was ineffective because he (a) prevented Aguiar from testifying in his own defense during trial, (b) failed to raise with the jury contradictions in the case agent's grand jury and trial testimony regarding the location of the heroin during the controlled delivery, (c) neither took issue with nor informed Aguiar of his designation as a career offender and (d) never alerted Aguiar that he potentially faced a life sentence due to his career offender designation. The Court in its July 3, 2007 Order rejected most of Aguiar's ineffective assistance of counsel claims. Specifically, the Court found that trial counsel (1) did not deny Aguiar's right to testify, (2) did not cause Aguiar to suffer prejudice by failing to challenge inconsistencies in

Petitioner's Rule 59(e) motion for reconsideration of the Feb. 22, 2005 Order denying his habeas petition only with respect to the claims of ineffective assistance of counsel) (the "April 29, 2005 Order"); Aguiar v United States, 2007 WL 1987748 (E.D.N.Y. July 3, 2007) (denying in part Petitioner's habeas petition with respect to all but one of his ineffective assistance of counsel claims, and reserving a ruling, pending an evidentiary hearing on whether Petitioner received ineffective assistance of counsel when his trial counsel ill-advised him concerning his sentencing exposure if he were to be convicted at trial); Aguiar v United States, No. 01-CV-4117, 2010 WL 1608113 (E.D.N.Y. April 16, 2010) (denying the only remaining claim of Petitioner's habeas petition concluding, after an evidentiary hearing, that Petitioner did not receive ineffective assistance of counsel with respect to his sentencing exposure; as well as denying motions to amend his habeas petition, to seek the Court's recusal and one for reconsideration). Therefore, only the facts and procedural history necessary to dispose of the motions that are pending are recounted here.

## DISCUSSION

Presently pending before the Court are Petitioner's motions (1) to reconsider the Court's April 9, 2010 Order; (2) to amend his April 30, 2010 motion to reconsider; (3) motion to reconsider the denial of his request to file supplemental pleadings; (4) motion for release from custody pending the results of his pending motion to reconsider the April 9, 2010 Order; and (5) motion for default judgment. (See DE 124, 127, 142, 145, 147.)

---

the case agent's testimonies, and (3) did not negatively impact Aguiar for failing to challenge his designation as a "career offender."

3

### 1. **The Motion to Reconsider the April 9, 2010 Order**

Aguiar's motion for reconsideration of the Court's April 9, 2010 Order (DE 124), pursuant to Rule 59(e), rehashes arguments this Court thoroughly considered and squarely rejected. See Aguiar v United States, No. 01-CV-4117, 2005 WL 525528 (E.D.N.Y. Feb. 22, 2005); Aguiar v United States, No. 01-CV-4117, 2010 WL 1608113 (E.D.N.Y. April 16, 2010). Specifically, Aguiar again (1) challenges his sentence of three concurrent terms of life imprisonment and a concurrent ten year sentence because it failed to include a term of supervised release; (2) assert that his ineffective assistance of counsel claim relates back to the initial habeas petition and that he suffered prejudice as a result of ineffective assistance of counsel; (3) the Court suborned perjury at trial; and (4) the Court improperly denied his motion for recusal. These are all claims the Court has previously rejected, and must continue to reject for the reasons explained below.

As an initial matter, the Court notes that Petitioner's Rule 59(e) motion for reconsideration of the denial of his habeas petition must be treated as a Rule 60(b) motion as it was not filed within ten days of the April 9, 2010 Order. See Schwamborn v. United States, 507 F. Supp. 2d 229, 237 (E.D.N.Y. 2007) (citing United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993) (explaining that under the rules governing § 2255 proceedings, a Rule 59(e) motion to reconsider is to be treated as a Rule 60(b) motion if it is not filed within ten days of the entry date of the order in question). In this case, Petitioner filed the subject motion for reconsideration on April 30, 2010—14 days after the Court entered its April 9, 2010 Memorandum and Order on April 16, 2010.

Rule 60(b) affords relief from a prior judgment for a variety of narrow reasons such as mistake or fraud, or, pursuant to subsection (6), for "any other reason justifying relief from the

4

operation of the judgment." See United States v. Clark, 984 F.2d, 31 (2d Cir. 1963).[3] Generally, to justify such extraordinary relief, a petitioner must show "exceptional circumstances" or hardship. Namaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) (citation omitted). This heavy burden falls on the movant, Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994), and relief is within the sound discretion of the trial court. Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981). In this case, Aguiar has failed to demonstrate the existence of any such circumstances, which would justify granting his motion for relief from judgment pursuant Rule 60(b). As noted, he merely reiterates and repackages arguments the Court has already rejected. The Court, accordingly, DENIES his Motion for Reconsideration.

Additionally, even if the Motion had been filed within the time period permitted by Rule 59(e), it would also fail. Under Rule 59(e), "reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked [ ] that might reasonably be expected to alter the conclusion reached by the court." Cole v. United States, No. 98-CV-7670, 2005 WL 3454322 at *1 (E.D.N.Y Dec. 7, 2005) (quoting Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995)); see also Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir.2000) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).) Here, as noted, Aguiar merely reargues claims that this Court already rejected and fails to introduce newly discovered evidence or point to any new facts or data that the Court overlooked

---

[3] Specifically Rule 60(b) provides for relief based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED R. CIV. P. 60(B).

in its previous opinions. The law of this Circuit is quite clear—a motion for reconsideration is not a means to reargue issues already settled when the party does not like how the issues were resolved. See Resource N.E. of Long Island v. Town of Babylon, 80 F. Supp. 2d 52, 64 (E.D.N.Y. 2000) (internal citations and quotations omitted).

Finally, the Court further notes that Petitioner's habeas petition has already been decided on its merits. As such, to the extent his motion for reconsideration raises new claims, it may be construed as an end-run for the requirements of permitting successive habeas petitions. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001) (explaining that a habeas petition is successive when, such as here, a prior habeas petition has been decided on the merits). Such end-runs around the ability of a petitioner to file more than one habeas petition is impermissible under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2255. See e.g., Maldonado v. U.S., 344 F.3d 244, 245 (2d Cir. 2003) (explaining that under the AEDPA, a petitioner seeking to file a second or successive habeas petition must receive permission to do so from the appropriate court of appeals, which in turn, would only authorize a successive petition "only if the movant's application contains a claim based on either newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable") (internal citations omitted).

### 2. Motion to Amend the April 30, 2010 Motion to Reconsider (DE 127)

Aguiar also seeks to amend his Motion for Reconsideration of the April 9, 2010 Order for the stated purpose of being allowed to expand upon his existing arguments. To the extent that this Motion to Amend simply parades the arguments in his Motion for Reconsideration and his previous motion for recusal—specifically, that his sentence is illegal because it did not contain a

term of supervised release, that the Court suborn perjury, etc.—those parts are denied for the same reasons stated supra; see also Aguiar v United States, No. 01-CV-4117, 2010 WL 1608113 (E.D.N.Y. April 16, 2010; Aguiar v United States, No. 01-CV-4117, 2005 WL 525528 (E.D.N.Y. Feb. 22, 2005). With respect to the new arguments, the Court finds that they are similarly without merit.

Specifically, Aguiar argues that both the Government and the Court have violated the doctrine of judicial estoppel based on alleged perjured and inconsistent trial testimony concerning his actual possession of drugs and/or the location of the drugs seized pursuant to his arrest. (See DE 127 at 25.) Under the doctrine of judicial estoppel, a party in a legal proceeding cannot later assume a position contrary to a position he has previously taken just because his interests have changed. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Moreover, Aguiar argues for a reversal of his conviction or at least a new trial based on this purported perjured testimony.

While Aguiar's judicial estoppel claim is new, his perjury allegations are not. He raised similar claims witness perjury claim in his first motion for recusal. As the Court previously explained, the alleged inconsistencies in the testimony at issue did not rise to the level of perjury or otherwise invalidate Aguiar's conviction. See Aguiar v United States, No. 01-CV-4117, 2010 WL 1608113, *5 (E.D.N.Y. April 16, 2010); Aguiar v United States, 2007 WL 1987748, at *4 (E.D.N.Y. July 3, 2007). Moreover, even assuming arguendo, that there is some merit to Aguiar's allegations of discrepancy in the testimony concerning the location of the drugs seized, the Court finds that in light of all of the evidence introduced during trial, which implicated Aguiar in the underlying drug conspiracy, this alleged inconsistency cannot be the basis for a new trial or any other form of relief, as it is hardly the but for cause of his conviction. See U.S.

7

v. Wallach, 935 F.2d 445 (2d Cir. 1991) (explaining that in instances in which the government is unaware of a witness' perjury, a new trial would be warranted only if the testimony was material and the Court found that the jury would not have convicted the defendant but for the subject testimony). Accordingly, to the extent Aguiar's pending motion to amend is based on the claim of judicial estoppel, it is without merit.

Secondly, Aguiar also contends that the Court improperly denied his June 16, 2009 Motion to Amend his habeas petition on the grounds that the claims he newly asserted in the Motion to Amend did not relate back to his habeas petition. Aguiar argues that the Court's sua sponte denial on these grounds was improper because it amounted to dismissal based on the statute of limitations, which is an affirmative defense that may only be asserted by a party to an action and the Government had not done so. This argument fundamentally misapprehends the law on this issue. Contrary to Aguiar's proposition, it is well settled that a district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000); see also Day v. McDonough, 547 U.S. 198, 210 (2006) ("[D]istrict courts are permitted, but not obliged to consider, sua sponte, the timeliness of a state prisoner's habeas petition.") To the extent that Aguiar's motion to amend his motion to reconsider rests on this proposition, it must be denied.

### 3. Letter Motion to Reconsider Order Denying Motion to File Supplemental Pleadings

Also outstanding is Petitioner's Motion for Reconsideration of his Motion for Leave to File Supplemental Pleadings, which the Court denied on July 7, 2010. (DE 142.) Aguiar states that he intends his supplemental pleadings to be a more refined version of his Motion to Amend the April 9, 2010 as well as "to correct typographical errors in the prior pleadings and supplement additional case law." The Court DENIES this request for the same reasons the Court

8

denies his motion for reconsideration of the April 9, 2010 Order, supra, namely, Aguiar has failed to show the existence of any exceptional circumstances that would justify relief. The Court further observes that given its determination that the underlying substance of Aguiar's claims have already been adjudicated and found to be without merit, any additional filings from Aguiar will do no more than waste the Court's time.

### 4. Motion for Release from Custody Pending Results of Second Motion for Reconsideration and Motion for Default Judgment

The Court must, for the reasons outlined supra, also deny Petitioner's November 21, 2010 motion for release pending the resolution of his various application (DE 145), as well as Petitioner's accompanying motion for default judgment on his motion for release from custody (DE 147). To the extent that Aguiar's motion for relief relies on Fed. R. App. P. 23(b) and 18 U.S.C. § 3143, which governs the release pending appeal, the Court notes that procedurally Aguiar's case is currently not on appeal and, as such those rules do not govern. In any event, the Court notes that this motion again rehashes claims this Court has already considered and rejected, see, Feb. 22, 2005 Order. Aguiar's application for release is without merit and his motion for a default judgment regarding same is also frivolous and are thus accordingly DENIED.

## CONCLUSION

For the foregoing reasons all of Petitioner's outstanding motions—DE 124, 127, 135, 142, 145 and 147—are all DENIED in their entirety. Any remaining claims are equally without merit and are therefore likewise denied.

Petitioner is further instructed to not file any more frivolous motions. He is advised that the flouting of this directive may result in the issuance of an order to cause as to why a leave-to-file sanction order should not issue, and possibly sanctions.

SO ORDERED.

DATED: November 04, 2011  
Brooklyn, New York

                              S/J  
                Sterling Johnson, Jr. Senior U.S.D.J.