FILED
IN CLERK'S
US DISTRICT
★ SEP 16 20
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ANDRES AGUIAR,

              Petitioner,

                                     01-CV-4117 (SJ)

-against-                           MEMORANDUM &
                                           ORDER

UNITED STATES OF AMERICA,

              Respondent.
----------------------------------------------------X

**JOHNSON, Senior District Judge:**

      Petitioner, Andres Aguiar is serving a life sentence at the United States Penitentiary in Pollock, Louisiana, after a jury found him guilty on November 22, 1991 of conspiracy to import heroin, importing heroin, possessing heroin with intent to distribute and witness tampering. 21 U.S.C. §§ 841(a), 952, 960, and 963; 18 U.S.C. §1512(b). His conviction was affirmed on appeal. See United States v. Aguiar, 975 F. 2d 45 (2d Cir. 1992). Petitioner filed numerous motions after the Second Circuit's 1992 ruling, all of which this Court denied on November 8, 2011. (See Dkt. No. 150.)[1] Petitioner appealed the November 8, 2011 Order directly to the

---

[1] Familiarity therewith is assumed. See Aguiar v. United States, No. 91-CR-779, 1998 WL 422855 (E.D.N.Y July 24, 1998), aff'd United States v. Aguiar No. 98-1475 (2d Cir. 1999), Aguiar v. United States, No. 99-9472 (2000) (denying Petitioner's motion for new trial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure); Aguiar v. United States, No. 01-CV-4117, 2005 WL 525528 (E.D.N.Y. Feb. 22, 2005) (denying Petitioner's habeas petition,

Second Circuit, which denied Petitioner's motion for a certificate of appealability and found that this Court did not abuse its discretion. (Dkt. Nos. 151, 153.)

Presently before the Court is Petitioner's Federal Rules of Civil Procedure ("FRCP" or "Rule") 60(b) motion to vacate the November 8, 2011 Order because he disputes this Court's finding that he failed to timely file a Rule 59(e) motion to amend the judgment. (Dkt. Nos. 124, 125, 154.) In this motion, Petitioner does not specify the grounds under which he seeks relief pursuant to Rule 60(b). Also pending is Petitioner's motion for leave to amend his Rule 60(b) motion, in which he attaches a second, amended motion, requesting relief under Rule 60(b)(6). (Dkt. No. 155.) For reasons stated more fully below, Petitioner's 60(b) motions, and request to amend, are DENIED.

For the sake of completeness, this Court will address all possible claims under Rule 60(b). The first three grounds for relief under Rule 60(b)[2] require Petitioner to

---

pursuant to 28 U.S.C. § 2255, wherein he challenged the validity of his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000) and alleged four grounds for ineffective assistance of counsel) (the "Feb. 22, 2005 Order"); Aguiar v. United States, 2005 WL 5622487 (E.D.N.Y. April 29, 2005) (granting Petitioner's Rule 59(e) motion for reconsideration of the Feb. 22, 2005 Order denying his habeas petition only with respect to the claims of ineffective assistance of counsel) (the "April 29, 2005 Order"); Aguiar v. United States, 2007 WL 1987748 (E.D.N.Y. July 3, 2007) (denying in part Petitioner's habeas petition with respect to all but one of his ineffective assistance of counsel claims, and reserving a ruling, pending an evidentiary hearing on whether Petitioner received ineffective assistance of counsel when his trial counsel ill-advised him concerning his sentencing exposure if he were to be convicted at trial); Aguiar v. United States, No. 01-CV-4117, 2010 WL 1608113 (E.D.N.Y. April 16, 2010) (denying the only remaining claim of Petitioner's habeas petition concluding, after an evidentiary hearing, that Petitioner did not receive ineffective assistance of counsel with respect to his sentencing exposure; as well as denying motions to amend his habeas petition, to seek the Court's recusal and one for reconsideration).

[2] See FRCP § 60(b)(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

file within one year after the entry of judgment. See Rule 60(c)(1). Since Petitioner seeks relief from a November 8, 2011 order, grounds (1) through (3) cannot apply. See Rule 60(b) and (c)(1). Grounds (4) and (5) are inapplicable since the judgment is neither void nor discharged. Id. Petitioner states at the very end of his motion to amend that he files pursuant to Rule 60(b)(6) (See Dkt. No. 155, page 5), which permits a motion for relief from a final judgment for "any other reason that justifies relief." FRCP 60 (b)(6); Namaiz v. Baker, 793 F. 2d 58, 62 (2d Circ. 1986).

To succeed on a Rule 60(b)(6) motion, Petitioner bears the burden of proving "extraordinary" circumstances. See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) ("...a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment" (internal citations omitted)); Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Circ. 1994) ("[S]ince 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'"). Such request for relief must not be covered by FRCP 60(b)(1)-(5) and must be made within a reasonable time. FRCP 60(b)(6) and (c)(1); Namaiz v. Baker, 793 F. 2d 58 at 62; Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-864 (1988). Finally, a petitioner cannot assert a Rule 60(b)(6) motion only to circumvent the statute of limitations on reasons (1) through (3). Id.

As an initial matter, Petitioner filed these motions nearly four years after the judgment, which is not within a reasonable timeframe. (See Dkt. Nos. 150, 154.)

Therefore, the initial motion (Dkt. No. 154), the motion to amend and the amended motion (Dkt. No. 155) are moot.

Even if the instant motions were timely, Petitioner's claim would fail on the merits. The only issue is Petitioner's disagreement with the Court's 2011 order that the April 30, 2010 FRCP 59(e) motion was untimely. This Court has already thoroughly considered and rejected the substance of Petitioner's 59(e) arguments in three prior decisions. See Dkt. No. 150; Aguiar v. United States, No. 01-CV-4117, 2005 WL 525528 (E.D.N.Y. Feb. 22, 2005); and Aguiar v. United States, No. 01-CV-4117, 2010 WL 1608113 (E.D.N.Y. April 16, 2010). Even if this Court had found that the 59(e) motion was timely filed, the outcome would have been the same. (See Dkt. No. 150.) Therefore, Petitioner cannot show that the Court's 2011 decision resulted in "exceptional circumstances" and the Petitioner's outstanding 60(b) motions are without merit. See Gonzalez v. Crosby, 545 U.S. 524 at 53; Paddington Partners v. Bouchard, 34 F. 3d 1132 at 1142; Namaiz v. Baker, 793 F. 2d 58 at 62.

In sum, Petitioner has filed multiple motions and appeals but cannot demonstrate circumstances, extraordinary or otherwise, that warrant relief under FRCP 59(e) or 60(b). Petitioner's repetitive motions have been thoroughly considered and again are without merit, therefore, Petitioner's motions are DENIED. Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated: September 6, 2016  /s/ USDJ STERLING JOHNSON, JR.
Brooklyn, NY Sterling Johnson, Jr., U.S.D.J.